**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-50668
(Summary Calendar)

DEANNA PARK COOPER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(A-95-CV-241)

April 30, 1996

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Deanna Park Cooper appeals from the magistrate judge's order dismissing her negligent retention claim for lack of subject matter jurisdiction in accordance with the Federal Tort Claims Act's "discretionary function" exception and granting summary judgment in favor of the United States on her respondeat superior claim, holding that Ronald Eudy's alleged conduct was outside the scope of services provided by the Postal Service.

Cooper contends that there is a genuine issue of material fact whether Eudy was within the course of his employment when Eudy allegedly exposed himself to Cooper.[1] We disagree. As a matter of Texas law, Eudy's conduct fell outside the course and scope of his employment. See, e.g.,

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]Cooper does not present any argument regarding the district court's dismissal of her claim that the United States was negligent in hiring Eudy. Accordingly, Copper has abandoned the claim on appeal. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

<u>Kendall v. Whataburger, Inc.</u>, 759 S.W.2d 751, 754-55 (Tex. Ct. App. 1988). Because Eudy's job duties and responsibilities do not include exposing his genitals to members of the public, the district court correctly held that Eudy was not, as a matter of law, acting within the course and scope of his employment when the incident allegedly occurred.

Cooper also contends that a genuine issue of material fact exists regarding whether the United States was negligent in retaining Eudy as a postal employee after he pleaded "no contest" to disorderly conduct prior to the alleged incident. Again, we disagree. Both prongs of the "discretionary function" exception to the Federal Torts Claims Act are satisfied here. <u>See</u> 28 U.S.C. § 2680(a). First, because there are no prescribed guidelines for hiring and retaining postal workers, the Postal Service has discretion in this area. Similarly, the decision to retain Eudy involved a discretionary weighing of factors. The statute under which the Postal Service would fire Eudy provides that violation of a criminal statute "may" be grounds for disciplinary action. We find that application of the discretionary function exception removes the court's subject matter jurisdiction.

## CONCLUSION

We have reviewed the record and the briefs of the parties and AFFIRM the dismissal for essentially the same reasons set forth by the magistrate judge. <u>See</u> <u>Cooper v. United States</u>, No. A-95-CV-241 (W.D. Tex. Sept. 1, 1995).